**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00102-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Matthew Francisco Morales, | |
| Defendant. | |

Defendant, Matthew Morales, requested a Voluntariness Hearing pursuant to 18 U.S.C. §3501. (Doc. 42). The Court held such hearing on May 25, 2021 after which the matter was taken under advisement. The Court has now had the opportunity to view the entire interview and the exhibits and finds that the statements made by defendant were voluntary.

**I.**     **FACTUAL BACKGROUND**

Defendant is charged with High Speed Flight from an Immigration Check Point for events occurring on December 19, 2019. An arrest warrant was issued on January 29, 2020 after the grand jury returned an indictment. Defendant was arrested on February 3, 2020 at approximately 10:05 a.m. in Tolleson, Arizona. Defendant was driven to Ajo, Arizona for booking and questioning and there was no evidence presented about how far Tolleson is from Ajo. Defendant was given food and juice at 1:22 p.m. and his interview began around 2:30 P.M.

Prior to the interview, agents read Defendant his Miranda warnings and Defendant

signed a waiver of those rights. On video, an agent confirmed with Defendant that he was read his rights, he understood his rights, he signed the waiver and was willing to speak to the agents. Defendant told the officers that he was not under the influence of any drugs or alcohol and he did not appear to be under the influence. Throughout the interview, the Defendant was calm, coherent, and cooperative. Defendant complained that he was cold in the interview room and he was given a blanket 28 minutes into the interview. There were no threats or promises made to Defendant.

## II.     DISCUSSION

The test for voluntariness examines "whether a defendant's will was overborne" by the circumstances surrounding the giving of a confession. *Dickerson v. United States*, 530 U.S. 428, 434 (2000) (citing *Schneckloth v. Bustamone*, 412 U.S. 218, 223 (1973)). When determining whether a defendant's will was overborne, the Court takes a totality of the circumstances approach, "assessing both the characteristics of the accused and the details of the interrogation." *Schneckloth*, 412 U.S. at 226. Some factors courts have taken into account include "the youth of the accused, his lack of education, his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep." *Id*.

Here, the only factor raised by Defendant's challenge was the time between arrest and interview. However, there is no evidence of any coercion or pressure applied during the 4 ½ hours between arrest and the start of the interview. Defendant was arrested mid-morning so he should not have been lacking in sleep and he did not appear tired during the interview. Defendant was not deprived of food or water and was given a blanket when cold.

Additionally, the government points out that the time frame of the interview in this case is within the statutorily authorized 6-hour period. 18 U.S.C. 3501(c) provides that a statement made within six hours immediately following arrest is admissible so long as it was voluntarily made. Here, the statement was made beginning 4 ½ hours after arrest and

1  was completed approximately 6 hours and 5 minutes post-arrest.

### III. CONCLUSION

The Court finds that Defendant was properly mirandized, and his statements were voluntarily made and are admissible at trial.

Dated this 25th day of May, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge

- 3 -