IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Matthew Francisco Morales,<br><br>　　　　　Defendant. | No. CR-20-00102-001-PHX-SMB<br><br>**ORDER** |

  This matter comes before the Court on Defendant's oral motion to preclude 404(b) evidence. The motion was made at the final trial management conference and was taken under advisement until the Court had the opportunity to view the entire statement made by Defendant to law enforcement.

  Defendant is charged with High Speed Flight from Immigration Checkpoint in violation of 18 U.S.C. § 758 for his actions on December 16, 2019. The Government filed a notice of intent to introduce evidence under 404(b), specifically, evidence of the Defendant's prior conduct engaging in activities surrounding alien smuggling on December 15, 2019. The Government argues that the testimony is admissible to show knowledge, opportunity, intent, absence of mistake and lack of accident. It further argues the evidence is inextricably intertwined with Defendant's own statements and should therefore be admitted.

  "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with

the character." Fed. R. Evid. 404(b)(1).  "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  "So long as the evidence is offered for a proper purpose, ... the district court is accorded wide discretion in deciding whether to admit the evidence, and the test for admissibility is one of relevance." *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir.1997).  "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012).

If the evidence is admissible under Rule 404(b), then the Court must also consider whether it should be admitted under Rule 403.  *Id*.  Under Rule 403, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The government argues knowledge is an essential element of the offense in this case and the evidence should be admitted to show knowledge.  18 U.S.C. §758 makes it a crime for any person to knowingly and intentionally flee a checkpoint operated by the Immigration and Naturalization Service, or any other Federal law enforcement agency, in a motor vehicle and flee Federal law enforcement agents in excess of the legal speed limit. Therefore, the Court agrees that evidence of Defendant's involvement in attempting to smuggle aliens is relevant to a material issue.  The government next argues that opportunity and motive to commit the offense is also highly relevant.  The Court agrees that if defendant is involved in alien smuggling, Defendant's statement is relevant to the opportunity and motive to flee from an immigration checkpoint at high speed.  However, the Court finds that the information should be precluded under Rule 403.  Specifically, the Court finds that the danger of unfair prejudice from this type of evidence and confusing

the issues substantially outweighs the probative value of the evidence.

Evidence that is inextricably intertwined with the crime charged is considered to be intrinsic. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). Here, evidence that Defendant talked with others about alien smuggling and attempted to pick up some illegal aliens a day before the current offense is not inextricably intertwined with what happened on the day of the charged offense. The evidence will not be admitted as intrinsic evidence.

Nevertheless, should defense open the door to issues of motive, then the Court may reconsider its ruling. The government should request the Court reconsider if it feels the door has been opened. Additionally, the evidence may be admissible for impeachment of the Defendant should he testify.

**IT IS ORDERED** that evidence of the Defendant's involvement in alien smuggling a day before the charged crime is not admissible in the government's case in chief. Defendant's oral motion to preclude is granted.

Dated this 27th day of May, 2021.

Honorable Susan M. Brnovich
United States District Judge